IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FONOVISA, et al.,
    Plaintiffs,

v.                                                       Case No.: 3:05cv150/RS/EMT

ELVIN REYES,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court upon the parties' Stipulation to Entry of Final Judgment and Permanent Injunction (Doc. 51). The court having been advised that the parties stipulate to the entry of a final judgment and permanent injunction in favor Plaintiffs and against Defendant, it is respectfully **RECOMMENDED**:

      1. That a Final Judgment and Permanent Injunction be entered against Defendant as follows:

            a. Defendant shall pay to Plaintiffs in settlement of this action the total sum of $10,165.00.

            b. Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $285.00.

            c. Plaintiffs have alleged that Defendant distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501. Without admitting or denying liability, Defendant does not contest Plaintiffs' allegations, and acknowledges that such conduct is wrongful.

            d. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later

created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' recordings"), including without limitation by:

(i) using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' recordings, to distribute (i.e., upload) any of Plaintiffs' recordings, or to make any of Plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

(ii) causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' recordings, to distribute (i.e., upload) any of Plaintiffs' recordings, or to make any of Plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

e. Defendant has been properly and validly served with the Summons and Complaint in this action, and is subject to the jurisdiction of this court.

f. Defendant irrevocably and fully waives notice of entry of the Final Judgment and Permanent Injunction, and understands and agrees that violation of the Final Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of court.

g. Defendant irrevocably and fully waives any and all right to appeal the Final Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

h. Nothing contained in the Final Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after June 24, 2006, the date Defendant executed the

Stipulation to Entry of Final Judgment and Permanent Injunction (Doc. 51).

    i. Defendant shall not make any public statements that are inconsistent with any term contained in the Stipulation to Entry of Final Judgment and Permanent Injunction (Doc. 51).

    j. Defendant acknowledges that he has read the Stipulation to Entry of Final Judgment and Permanent Injunction (Doc. 51) and the [Proposed] Judgment and Permanent Injunction, he has had the opportunity to have them explained by counsel of Defendant's choosing, he fully understands them and agrees to be bound thereby, and he will not deny the truth or accuracy of any term or provision therein.  Defendant is at least 18 years old and is otherwise legally competent to enter into the Stipulation to Entry of Final Judgment and Permanent Injunction (Doc. 51).

2.  That this cause be **DISMISSED WITH PREJUDICE**.

3.  That in the event the settlement is not consummated for any reason, the court reserves the power, upon motion filed by any party within **SIXTY (60) DAYS** after the date of docketing of the Final Judgment and Permanent Injunction, to amend, alter or vacate and set aside the order of dismissal.

At Pensacola, Florida this 27th day of June 2006.


    /s/ *Elizabeth M. Timothy*
    **ELIZABETH M. TIMOTHY**
    **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:05cv150/RS/EMT